IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC.,<br>SNMP RESEARCH<br>INTERNATIONAL, INC.<br><br>      Plaintiffs,<br><br>v.<br><br>AVAYA INC.<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND BREACH OF CONTRACT

Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby bring this complaint for copyright infringement and breach of contract against Defendant Avaya Inc. (hereinafter "Avaya"). This case has been filed because Avaya is engaged in knowing, widespread copyright infringement.

### THE PARTIES

1. Plaintiff SNMP Research Inc. is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

2. Plaintiff SNMP Research International, Inc. (SNMPRI) is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

3. Defendant Avaya Inc. is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

562094v5

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the copyright causes of action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction exists over Defendant Avaya because this case arises out of Avaya's contacts with this District and Avaya is further subject to the general jurisdiction of this Court. Avaya is registered to do business in this State.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Plaintiffs' claims arose in this District, a substantial portion of the events giving rise to these claims occurred in this District, and because Avaya resides in this District.

## BACKGROUND

7. In 1988, University of Tennessee computer science professor Dr. Jeffrey Case and one of Dr. Case's graduate students founded the company that would later become Plaintiff SNMP Research, Inc. From these humble beginnings, Plaintiffs now have dozens of employees in this District. Based in Knoxville, Dr. Case was instrumental in developing technology to manage computer networks (such as the Internet).

8. One of the founding technologies of modern computer networks is the Simple Network Management Protocol (SNMP) from which Plaintiffs take their name. Dr. Case was instrumental in creating this protocol. The protocol is a way for connected devices to share information by sending and responding to messages. For example, typically, a laser printer communicates with a connected computer using SNMP to pass messages about the printer's status (*e.g.*, offline, needs paper, busy, etc.).

9. Since its creation in the early 1990's with the help of Dr. Case, the protocol has become ubiquitous and the vast majority of connected computing devices in the world use the protocol.

10. To implement the protocol, Dr. Case developed software, the copyright to which is owned by Plaintiffs SNMP Research, Inc. and SNMPRI. While SNMP Research, Inc. owns the copyrights to individual software files, SNMPRI owns the copyrights to collections/compilations of those files. Thus, a single piece of software may infringe both the copyrights to the individual files as well as the copyright to the collective work.

11. Plaintiffs' software has been licensed to many of the biggest computer and telecommunications companies in the world and it is widely used in industry. Plaintiffs have licensed their software products to Defendant Avaya, since Defendant Avaya's founding in 2000. Defendant Avaya has used Plaintiffs' software extensively in its products.

12. Plaintiffs grant licenses that are limited to specific company products, not to all of a company's offerings, such that if a licensee wants to use SNMPRI software on a new product, a new license is required. Plaintiffs' limited licenses are personal in nature and are not transferable.

13. Plaintiffs are the owners of 16 registered copyrights covering the software as listed below.

| Company | Product | Registration Date | Registration Number |
| --- | --- | --- | --- |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15 | January 25, 2011 | TXu 1-706-718 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.2 | July 20, 2011 | TXu 1-772-248 |

562094v5

- 3 -

Case 3:12-cv-00117   Document 1   Filed 03/09/12   Page 3 of 12   PageID #: 3

| Company | Product | Registration Date | Registration Number |
|---|---|---|---|
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.3 | July 20, 2011 | Txu 1-772-250 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.4 | February 3, 2011 | TXu 1-738-956 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 16 | February 3, 2011 | TXu 1-707-158 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 16.2 | February 3, 2011 | TXu 1-738-954 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 17 | February 3, 2011 | TXu 1-707-157 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 17.2 | February 3, 2011 | TXu 1-738-958 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15 | February 17, 2011 | TXu 1-710-420 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.2 | February 17, 2011 | TXu 1-710-462 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.3 | February 17, 2011 | TXu 1-710-430 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.4 | February 17, 2011 | TXu 1-710-425 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 16 | February 17, 2011 | TXu 1-710-413 |

| Company | Product | Registration Date | Registration Number |
|---|---|---|---|
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 16.2 | February 8, 2011 | TXu 1-710-422 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 17 | February 8, 2011 | TXu 1-710-417 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 17.2 | February 17, 2011 | TXu 1-710-435 |

14. Copies of each of the registration certificates are attached as Exhibits 1-16.

15. Defendant Avaya is one of the largest and most sophisticated communications and computer equipment manufacturers in the world.

16. Avaya has acquired several companies whose products were formerly licensed by SNMPRI.

## RED LICENSE FACTS

17. On March 14, 1995, SNMPRI executed a license with AT&T GBCS (hereinafter, "the Red License").

18. By its terms, the Red License is governed by Tennessee law. *See* ¶ 32.

19. By its terms, the Red License may not be modified except by a writing signed by both parties. *See* ¶ 24(a).

20. The Red License was subsequently assigned to Avaya Inc. by a written agreement dated September 28, 2000.

21. The Red License was further modified by written agreements dated May 5, 1995; December 29, 1995; May 14, 1996; October 10, 1996; October 21, 1996; October 25, 1997;

562094v5

- 5 -

March 13, 1998; March 23, 1998; April 15, 1998; August 14, 2000; December 28, 2000; March 26, 2002; May 8, 2002; January 27, 2003; February 14, 2003; and March 21, 2003.

22. Pursuant to the modified Red License, Avaya was only licensed to use SNMPRI software in the Avaya products specified in the Red License.

23. The Avaya product, Communications Manager, is not specified in the modified Red License.

24. On November 1, 2011, SNMPRI informed Avaya of breaches of the modified Red License by letter in accordance with ¶ 18(b) of the modified Red License.

25. Avaya did not cure the breaches within 45 days.

26. February 1, 2012 is more than 45 days after November 1, 2011.

27. On February 1, 2012, SNMPRI informed Avaya that the modified Red License was terminated pursuant to ¶ 18(b) of the modified Red License.

28. Paragraph 19 of the modified Red License provides that all expenses, including attorneys' fees, are to be awarded to the prevailing party in any legal action related to the modified Red License.

## COUNT I

### Copyright Infringement – Red License Products

29. Plaintiffs repeat and reallege the allegations of paragraphs 1-28 above as if fully set forth herein.

30. Plaintiffs are the owners of the copyrights of the 16 registered works listed in Paragraph 13 above.

31. On information and belief, since at least February 1, 2012, Avaya has been making and distributing unauthorized copies and derivatives of the registered works in conjunction with at least the Gateway 700 product as well as other products.

32. Unless enjoined and restrained, Defendant's conduct threatens to further infringe Plaintiffs' copyright interests.

33. By reason of Defendant's infringement and threatened infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damages to their ownership rights in the registered works.

34. Further, irreparable harm to Plaintiffs is imminent as a result of Defendant's conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further such acts of copyright infringement.

35. Plaintiffs are further entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Plaintiffs have sustained such damage in an amount exceeding $100,000.

36. Plaintiffs are further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its acts or copyright infringement, but Plaintiffs are informed and believe,

and on the basis of such information and belief allege, that Defendant has obtained such gains, profits, and advantages in an amount exceeding $100,000.

## COUNT II

### Copyright Infringement – Other Products

37. Plaintiffs repeat and reallege the allegations of paragraphs 1-36 above as if fully set forth herein.

38. On information and belief, Avaya has been distributing the registered works with Avaya's Communications Manager product.

39. Avaya does not have a license to distribute the registered works with Avaya's Communications Manager product.

40. On information and belief, Avaya has been distributing other unlicensed products that infringe one or more of the registered works.

41. Unless enjoined and restrained, Defendant's conduct threatens to further infringe Plaintiffs' copyright interests.

42. By reason of Defendant's infringement and threatened infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damages to their ownership rights in the registered works.

43. Further, irreparable harm to Plaintiffs is imminent as a result of Defendant's conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further such acts of copyright infringement.

44.     Plaintiffs are further entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Plaintiffs have sustained such damage in an amount exceeding $100,000.

45.     Plaintiffs are further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its acts or copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant has obtained such gains, profits, and advantages in an amount exceeding $100,000.

## COUNT III

### Breach of Contract – Modified Red License

46.     Plaintiffs repeat and reallege the allegations of paragraphs 1-45 above as if fully set forth herein.

### Non-Payment and Non-Reporting

47.     Paragraph 28 of the Red License required Avaya to pay, on a quarterly basis, a per-copy royalty for each binary copy which contains some or all of the registered works.

48.     Upon information and belief, for at least 2002 through 2011, Avaya did not fully pay the per-copy royalties required in the modified Red License.

49. Paragraph 31 of the modified Red License required Avaya to provide SNMPRI annual reports, prepared by a certified public accountant, verifying the accuracy of royalties paid by Avaya.

50. Avaya has not provided annual reports for the years 2009-2011.

51. Avaya breached these provisions of the modified Red License.

### Source Code Destruction Provisions

52. In the event of a breach that was not cured within 45 days of notice, Paragraph 18 provided SNMPRI with options on how to proceed.

53. At SNMPRI's election, Paragraph 18(b)(i) required Avaya to return or provide written notification of the destruction of the all copies or derivatives of the "Program Source" (except for one archive and support copy) on request by SNMPRI.

54. On November 1, 2011, SNMPRI provided Avaya with written notice of breach.

55. Avaya did not cure the breach within 45 days.

56. On February 1, 2012, SNMPRI invoked the provisions of Paragraph 18(b)(i) and demanded written certification of destruction of the "Program Source" and all derivatives.

57. Avaya has not provided the written certification.

58. Avaya breached this provision of the modified Red License.

### Source Code Package Amendment

59. Pursuant to an amendment dated December 28, 2000, Avaya was provided with certain source code in a sealed package.

60. If Avaya broke the seal on the package or the package was not made available for inspection by SNMPRI on reasonable notice, then a payment of $240,000 was due to SNMPRI within 30 days. *See* Amendment 62 dated 12/28/00, ¶ 4(a) and (b).

562094v5

- 10 -

Case 3:12-cv-00117   Document 1   Filed 03/09/12   Page 10 of 12   PageID #: 10

61. SNMPRI requested inspection of the source code package no later than November 1, 2011.

62. To date, Avaya has not made the source code package available for inspection by SNMPRI.

63. Avaya has not paid SNMPRI the $240,000 for the source code package.

64. Avaya breached the source code package provisions of the modified Red License.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and seek relief against Defendant as follows:

A. For a judgment that Avaya has infringed, and continues to infringe, Plaintiffs' copyrights in the registered software;

B. For an injunction against Avaya, its officers, agents, servants, employees, all parent and subsidiary companies, all assignees and successors in interest, and those persons in active concert or participation with Avaya, including Avaya's customers, enjoining them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale, and/or selling or performing any materials that are substantially similar to the registered works, and to deliver to the Court for destruction other reasonable disposition all such materials and means for producing same in Avaya's possession, custody, or control;

C. For actual damages and profits in an amount to be determined at trial, including pre-judgment and post-judgment interest, for Avaya's infringement of Plaintiffs' copyrights;

D. For an Order that Avaya destroy the "Program Source" and all derivatives;

E. For judgment that Avaya breached the modified Red License and for damages including unpaid royalties, $240,000 for the source code package provisions, and for costs and expenses, including attorneys' fees;

F. For an award of attorneys' fees, costs, and expenses; and

G. For such further and other relief that this Court deems just and proper.


Dated: March 9, 2012                    Respectfully submitted,

>  */s/   Reuben N. Pelot IV*
> Reuben N. Pelot IV (BPR#014986)
> John L. Wood (BPR#27642)
> EGERTON MCAFEE ARMISTEAD & DAVIS, P.C.
> 900 S. Gay Street
> Knoxville, TN  37902
> Telephone:  (865) 546-0500
> Facsimile:   (865) 525-5293
> Email:  jwood@emlaw.com
>
> James C. Pistorino
> PERKINS COIE LLP
> 3150 Porter Drive
> Palo Alto, CA  94304-1212
> Telephone: (650) 838-4300
> Facsimile:  (650) 838-4350
> Email:  JPistorino@perkinscoie.com
>
>
> *Attorneys for Plaintiffs*
> *SNMP Research, Inc. and*
> *SNMP Research International, Inc.*