IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC., SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) ) | |
| Plaintiffs, | : ) | No.3:12-cv-00117-CCS |
| v. | ) ) | |
| AVAYA INC., | ) ) | |
| Defendant. | ) ) | (VARLAN / SHIRLEY) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AMENDING SECTION 3(a) OF THE SCHEDULING ORDER [DOC. 24]**

Defendant Avaya Inc., by and through counsel, respectfully submits the following Memorandum of Law in support of its Motion for Order Amending Section 3(a) of the Scheduling Order.

**I.  Introduction.**

On April 16, 2012, Defendant Avaya, Inc., moved to dismiss this case or, in the alternative, to transfer this case to the United States District Court for the District of Delaware, where a substantially similar case was pending at the time this action was filed. [Doc. 11]. Given the pendency of Defendant's motion to dismiss or to transfer, the parties' Rule 26(f) conference and the concomitant initiation of discovery should be postponed briefly pending the Court's ruling on Defendant's motion.

**II.  Plaintiff Has Established Good Cause To Amend The Scheduling Order And The Modification Of The Deadline Will Not Prejudice The Defendants.**

Under Fed.R.Civ.P. 16(b), the Court has broad discretion to modify a scheduling order upon a showing of good cause. "The primary measure of Rule 16's 'good cause' standard is the

moving party's diligence in attempting to meet the case management order's requirements." Andretti v. Borla Performance Indus., 426 F.3d 824, 830 (6th Cir.2005) (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002)). In making its decision, the Court "should also consider possible prejudice to the party opposing the modification." Andretti, 426 F.3d at 830. A court's modification of a scheduling order is reviewed only for abuse of discretion. Inge, 281 F.3d at 625.

In this case, if Defendant's motion is granted, the initiation of discovery will have been unnecessary; should it be denied, the brief postponement of discovery will not have prejudiced any party and should not materially impact any other deadlines in the Scheduling Order (other than the deadlines for filing a discovery plan, producing initial disclosures, and conferring regarding e-discovery, which stem from the date of the Rule 26(f) conference, there are no other deadlines for the remainder of the calendar year 2012).

By its current terms, the Scheduling Order requires the parties to hold a Rule 26(f) conference by May 29, 2012. It should be noted that on two separate occasions previously, Plaintiffs' time to respond to Defendant's referenced motion has been extended. [Docs. 20 and 23]. As a result, the due date for Plaintiffs' response to Defendant's motion to dismiss or to transfer was extended through today.

Accordingly, Defendant has established good cause for modification of the Scheduling Order. Under these circumstances, to ensure that the parties and the Court's resources are not unnecessarily consumed by the initiation of discovery in this matter pending the Court's determination of whether this case should be dismissed or transferred, amending the Scheduling Order is appropriate.

### III. Conclusion

Defendant Avaya, Inc. respectfully requests that an order be entered amending § 3(a) of the Scheduling Order, entered May 14, 2012 [Doc. 24], to provide that the parties' Rule 26(f) meeting shall be held "within fifteen (15) days after the Court rules on Defendant's pending Motion to Dismiss Or, In The Alternative, to Transfer [Doc. 11], in the event the motion is not granted."

Respectfully submitted this 25th day of May, 2012.

*/s/ Wayne A. Ritchie II*
Wayne A. Ritchie II, BPR #013936
RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661

OF COUNSEL:
Paul R. Gupta
Clifford R. Michel
Toi Frederick
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
**Attorneys for Defendant Avaya Inc.**

### Certificate of Service

The undersigned hereby certifies that on this 25th day of May, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/EFC filing system, which will electronically serve same on all counsel of record this date.

/s/Wayne A. Ritchie II_____