IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC., | ) | |
| SNMP RESEARCH INTERNATIONAL, INC., | ) | |
| | ) | Case No. 3:12-cv-00117 |
| Plaintiffs, | ) | (JUDGE VARLAN/SHIRLEY) |
| v. | ) | |
| | ) | |
| AVAYA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR ORDER AMENDING SECTION 3(a) OF THE SCHEDULING ORDER [DOC. 24]**

COME now Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP Research"), by and through their counsel, pursuant to Local Rule 7.1, and file this brief in response to Defendant's Motion For Order Amending Section 3(a) of the Scheduling Order [Doc. 24] (the "Motion," Doc. 26).

## I.   INTRODUCTION

This Motion is a tactical effort by Defendant Avaya Inc. ("Avaya") to stall and delay this litigation and its attempt to justify its refusal to participate in the Rule 26(f) conference ordered by this Court.  Avaya has failed to demonstrate good cause why it could not comply with the Scheduling Order as the Order currently reads.  Avaya could have simply complied with the Scheduling Order by attending the meeting and requesting that the parties build time into the discovery schedule to account for its pending Motion to Dismiss or Transfer (Doc 11).  Instead of agreeing to proceed efficiently in that manner, Avaya refused to discuss discovery planning with SNMP Research.  Furthermore, there would have been no conceivable prejudice to Avaya

571103v4

1

Case 3:12-cv-00117   Document 30   Filed 05/30/12   Page 1 of 6   PageID #: 854

had it participated in the discovery planning meeting. Accordingly, the instant motion should be denied, and Avaya should be ordered to immediately participate in a discovery planning conference with SNMP.

## II.     FACTUAL BACKGROUND

On May 14, 2012, the Court issued a Scheduling Order for this case (Doc. 24). Section 3(a) of the Scheduling Order required the parties to "hold a discovery planning meeting as required by Fed. R. Civ. P. Rule 26(f) within fifteen (15) days of the entry of this Order" (Doc. 24, at § 3(a).) Thus, the parties should have held the discovery planning meeting no later than May 29, 2012. The Scheduling Order states, in bold print: "**The schedule will not change except for good cause**." (Doc 24, at § 1.) In its opening brief, Avaya has not demonstrated good cause.

On May 17, 2012, counsel for SNMP Research sent an e-mail to counsel for Avaya, seeking to set a time for the discovery planning meeting ordered by the Court. When Avaya's counsel refused to schedule the meeting, SNMP Research's counsel sent a second e-mail to Avaya's counsel on May 21, 2012, urging counsel to meet and confer. Again, Avaya refused to schedule the meeting. On May 23, 2012, counsel for Avaya and SNMP Research participated in a telephone call. During the call, without even so much as hearing what SNMP Research's counsel would propose on the matter, Avaya's counsel expressed its unwillingness to have a Rule 26(f) planning conference due to the pendency of Avaya's Motion to Dismiss or Transfer. Avaya's counsel also stated that Avaya would be filing an unspecified motion to relieve Avaya of its obligation under the Scheduling Order, but Avaya's counsel refused to elaborate on the substance of this motion. On May 25, 2012, without having met and conferred with SNMP

Research regarding the specific nature of its motion or the relief it would seek, Avaya filed the instant Motion.

### III. LEGAL STANDARD

As Avaya concedes (Avaya Mem. of Law, Doc. 27, at 2), a party must show "good cause" to modify a court's scheduling order. Fed. R. Civ. P. 16(b)(4). A party has "good cause" to modify a scheduling order only if, "despite their diligence, [the party] could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). A court must also consider the prejudice that would result from modifying the scheduling order. *See id.*

### IV. ARGUMENT

Avaya has not established "good cause" for modifying the Schedule Order. Avaya has not shown that it attempted to meet the original deadline for the Rule 26(f) conference and does not contend that it was unable to participate in the discovery planning meeting prior to May 29, 2012. Rather, Avaya's counsel simply refused to hold the meeting, based on its own unilateral belief that it should not be required to comply with the Scheduling Order in light of its pending Motion to Dismiss or Transfer (Doc. 11). Thus, Avaya unabashedly substituted its judgment for the Court's as to when a planning conference is appropriate.

If Avaya wished to build time into the discovery schedule to account for its pending Motion to Dismiss or Transfer (Doc. 11), it could have participated in the Rule 26(f) conference, as the Court ordered, and asserted that position. Although SNMP Research disagrees with Avaya that discovery should be postponed, SNMP Research would have attempted in good faith to develop a joint discovery schedule that would take into account the concerns of all parties. However, by refusing to attend the Rule 26(f) discovery planning conference ordered by this Court, Avaya has denied SNMP Research the opportunity to negotiate such a schedule and has

attempted to delay this case. Avaya does not have the right to unilaterally refuse to engage in a Court-Ordered discovery planning session.

Avaya's opening brief implies that SNMP Research would not be prejudiced by modifying the scheduling order, and has no right to complain about Avaya's stalling and delays simply because SNMPR Research's time to respond to Avaya's Motion to Dismiss or Transfer has been extended two times. However, Avaya fails to inform the Court that prior to moving for these extensions, SNMP Research's counsel suggested that the parties might be able to resolve their differences if counsel conferred on the issues. Avaya's counsel agreed. Thus, the reason for the extensions was to advance this case forward by allowing counsel the time to discuss and eliminate unnecessary and immaterial issues of contention. At no time did SNMP Research seek to delay progress of this case. Having agreed to the extensions and the purpose therefor, it is disingenuous for Avaya to now suggest that the extensions were not for its own benefit as well as SNMP Research's, or that the purpose of the extensions was not to advance this case.[1] Furthermore, SNMP Research is prejudiced by Avaya's stalling tactics. Rather than working efficiently to create a discovery plan at this early stage, the parties may have to start this process later in the case, which will further delay SNMP's prosecution of its claims.

## IV. CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that the Court deny Avaya's Motion for Order Amending Section 3(a) of the Scheduling Order (Doc. 24) in its

---

[1] Notably, Avaya's reference to the pending Delaware action as justification for its failure to comply with the Scheduling Order is baseless. As a preliminary matter, the Delaware court is currently considering a motion that would transfer that case to this District, where it presumably would be consolidated with the instant action and governed by this Court's Scheduling Order. In any event, Avaya's claim that the Delaware action is a "substantially similar case" as this is a very far stretch. Although some of the issues are similar, there is not a complete identity of parties or of claims in the two actions.

571103v4

4

Case 3:12-cv-00117 Document 30 Filed 05/30/12 Page 4 of 6 PageID #: 857

entirety and award to Plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted this 30th day of May, 2012.

     **SNMP RESEARCH, INC.**
     **SNMP RESEARCH INTERNATIONAL, INC.**

     By: s/ Melissa B. Carrasco
     **EGERTON, McAFEE, ARMISTEAD**
      **& DAVIS, P.C.**
     Reuben N. Pelot IV, BPR #014986
     John L. Wood, BPR #027642
     Melissa B. Carrasco, BPR #029094
     900 S. Gay Street, Suite 1400
     P.O. Box 2047
     Knoxville, TN  37901-2047
     Telephone: (865) 546-0500
     Facsimile: (865) 525-5293
     Email: rpelot@emlaw.com
     Email: jwood@emlaw.com
     Email: mbc@emlaw.com

     **PERKINS COIE LLP**
     Dennis C. Hopkins
     30 Rockefeller Plaza, 25th Floor
     New York, New York 10282
     Telephone: (212) 262-6916
     Facsimile: (212) 977-1649
     Email: dhopkins@perkinscoie.com

     Attorneys for Plaintiffs
     SNMP RESEARCH, INC. &
     SNMP RESEARCH INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

       I hereby certify that on May 30, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                              EGERTON, McAFEE, ARMISTEAD
                              & DAVIS, P.C.


                              By: /s/ Melissa B. Carrasco

571103v4