IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC., ) | | |
| SNMP RESEARCH ) | | |
| INTERNATIONAL, INC., ) | | |
| ) | | |
| Plaintiffs, : | No.3:12-cv-00117-CCS | |
| ) | | |
| v. ) | | |
| ) | | |
| AVAYA INC., ) | | |
| ) | **(VARLAN / SHIRLEY)** | |
| Defendant. ) | | |
| ) | | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER AMENDING SECTION 3(a) OF THE SCHEDULING ORDER [DOC. 24]

Defendant Avaya Inc., by and through counsel, respectfully submits the following Reply Brief in support of its Motion for an order amending § 3(a) of the Scheduling Order entered May 14, 2012 [Doc. 24], to provide that the parties' Rule 26(f) meeting shall be held "within fifteen (15) days after the Court rules on Defendant's pending Motion To Dismiss Or, In The Alternative, To Transfer [Doc. 11], in the event the motion is not granted," instead of within fifteen days of the date of entry of the Scheduling Order.

By way of background, Avaya filed its Motion To Dismiss Or, In The Alternative, To Transfer because the present action filed by the SNMP Plaintiffs against Avaya is one of three actions currently pending between the parties. The first of the three cases was filed by the SNMP Plaintiffs against Avaya in the U.S. Bankruptcy Court for the District of Delaware. In the second case Avaya filed suit against SNMPRI in the U.S. District Court for the District of Delaware (the "Delaware Action"). In the present action the SNMP Plaintiffs filed suit against Avaya. The present action involves nearly identical parties and significantly overlapping substantive issues as the prior pending Delaware Action.

## I. Avaya Has Demonstrated Good Cause For Amending The Scheduling Order.

Avaya has demonstrated good cause to amend the Scheduling Order. Given the pendency of Defendant's motion to dismiss or to transfer, the parties' Rule 26(f) conference (and the concomitant initiation of discovery) should be postponed briefly pending the Court's ruling on Defendant's motion. If Defendant's motion is granted, the initiation of discovery will have been unnecessary; should it be denied, the brief postponement of discovery will not have prejudiced any party and should not materially impact any other deadlines in the Scheduling Order.

Indeed, under many circumstances, the federal courts have postponed discovery pending resolution of a motion to dismiss. See e.g. Wedgewood Ltd. Partnership I. v. Township of Liberty, Ohio, 456 F.Supp.2d 904 (S.D. Ohio 2006) (court stayed discovery in the case pending resolution of the parties' jurisdictional motions); McCabe v. Foley, 233 F.R.D. 683 (M.D. Fla. 2006) (a temporary stay of discovery was warranted pending resolution of the defendants' motion to dismiss); C. A. Wright, Discovery, 35 F.R.D. 39, 60 (1964) (courts may stay discovery on the merits of an action until challenges to jurisdiction have been resolved).

In this case, Defendant's Motion To Dismiss, Or In The Alternative To Transfer [Doc. 11], is meritorious and likely to be granted, given the pendency of the substantially similar previously filed Delaware action. Accordingly, Avaya has established good cause for a brief stay of discovery until the pending Motion [Doc. 11] is resolved.

## II. It Was Appropriate For Avaya To File The Subject Motion In Lieu Of Participation In The 26(f) Conference.

In their Brief in Response to Defendant's Motion [Doc. 30], Plaintiffs contend that Avaya should have agreed to participate in the Rule 26(f) conference, at which time the parties could have developed a joint discovery schedule to account for the pending Motion To Dismiss Or, In the Alternative, to Transfer [Doc. 11]. This argument is without merit. Although Plaintiffs

2
Case 3:12-cv-00117  Document 34  Filed 06/09/12  Page 2 of 4  PageID #: 867

indicate that they would have attempted in good faith to negotiate a revised schedule, they state that they disagree that discovery should be postponed. Fed.R.Civ.P. 26(d)(1) provides that a party may not seek discovery before parties have conferred except in limited situations. Thus, had Avaya agreed to participate in a Rule 26(f) conference and the parties been unable to agree on a postponed discovery plan, Plaintiffs could have served Avaya with discovery immediately following the conclusion of the conference.

Under these circumstances, to ensure that the Court's and the parties resources are not unnecessarily consumed by the initiation of discovery in this matter pending the Court's determination of whether this case should be dismissed or transferred, it was appropriate for Avaya to file the subject Motion [Doc. 26] in lieu of participation in the Rule 26(f) conference. Avaya's Motion was not a stalling tactic. Rather, it stated a good-faith basis for extension and was filed on May 25, 2012, in advance of the May 29, 2012, deadline under the Scheduling Order's current terms.

### III. Conclusion.

Accordingly, Defendant Avaya, Inc., respectfully requests that an order be entered amending § 3(a) of the Scheduling Order, entered May 14, 2012 [Doc. 24], to provide that the parties' Rule 26(f) meeting shall be held "within fifteen (15) days after the Court rules on Defendant's pending Motion to Dismiss Or, In The Alternative, to Transfer [Doc. 11], in the event the motion is not granted."

Respectfully submitted this 8th day of June, 2012.

                                              */s/ Wayne A. Ritchie II*
                                              Wayne A. Ritchie II, BPR #013936
                                              RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.
                                              606 W. Main Street, Suite 300

Knoxville, TN 37902
(865) 637-0661

OF COUNSEL:
Paul R. Gupta
Clifford R. Michel
Toi Frederick
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
**Attorneys for Defendant Avaya Inc.**

## Certificate of Service

    The undersigned hereby certifies that on this 8th day of June, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/EFC filing system, which will electronically serve same on all counsel of record this date.

                                              /s/Wayne A. Ritchie II_____