UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH INC., *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-117 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| AVAYA, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 40] referring Defendant's Motion for Order Amending Section 3(a) of the Scheduling Order [Doc. 26] to the undersigned for disposition or report and recommendation as may be appropriate. The Plaintiffs have responded in opposition to the Defendant's motion [Doc. 30], and the Defendant has made a final reply in support of its motion [Doc. 34]. The motion is now ripe for adjudication.

On July 12, 2012, the parties appeared before the undersigned for a telephonic motion hearing to address the Motion for Order Amending Section 3(a) of the Scheduling Order. Attorneys Dennis Hopkins, Reuben Pelot, and John Wood were present representing the Plaintiffs. Attorney Wayne Ritchie was present representing the Defendant. Attorney Paul Gupta was allowed to participate in the telephonic hearing on behalf of the Defendant, based on his representation that a motion to appear *pro hac vice* would be filed as soon as possible.

The Defendant moves the Court to modify Section 3(a) of the Scheduling Order. Section 3(a) currently states that the parties shall conduct a meeting under Rule 26(f) of the Federal Rules of Civil Procedure within fifteen days of the entry of the Scheduling Order – in this case, on or before May 29, 2012. The Defendant requests that this provision be modified to direct the parties to conduct a meeting pursuant to Rule 26(f) fifteen days after the Court's ruling on Defendant's pending Motion to Dismiss or, in the Alternative, to Transfer [Doc. 11], in the event the Motion to Dismiss or Transfer is not granted. [Doc. 26 at 1]. The Motion to Dismiss or Transfer moves the Court to dismiss this case, or in the alternative, to transfer it to the District of Delaware so that it can be combined with pending litigation between the parties.

In support of this request, the Defendant states that if the Motion to Dismiss or Transfer is granted, the discovery will have been unnecessary. The Defendant also maintains that delaying the conference – and thus, delaying discovery – will not otherwise affect the other dates and deadlines set in the Scheduling Order.

The Plaintiffs argue that the Defendant has not shown good cause for delaying the scheduling conference and discovery in this matter. The Plaintiffs suggest that the parties "could have simply complied with the Scheduling Order by attending the meeting and requesting that the parties build time into the discovery schedule to account for its pending Motion to Dismiss or Transfer. . . ." [Doc. 30 at 1]. The Plaintiffs note that Plaintiff SNMP Research International, Inc., has filed a motion to transfer the case pending in the District of Delaware to the Eastern District of Tennessee. The Plaintiffs maintain that they are not opposed to setting parameters on preliminary discovery, but they oppose delaying the Rule 26(f) conference all together.

In this case, Section 3(a) of the Scheduling Order directs that the parties were to conduct a Rule 26(f) meeting on or before May 29, 2012. [Doc. 24 at 2]. Consistent with Rule 26(f), Section 3(c) of the Scheduling Order also requires that the parties make their initial disclosures under Rule

2

26(a)(1) within ten days of the Rule 26(f) meeting. [Id.]. The Scheduling Order will not be changed except for good cause. [Doc. 24 at 1]; see also Fed. R. Civ. P. 16; E.D. Tenn. L.R. 16.1.

Having heard from the parties, the Court finds that good cause has been shown for granting some relief from the Scheduling Order. The Court will not relieve the parties of their obligation to conduct a Rule 26(f) meeting under Section 3(a) of the Scheduling Order. The parties have agreed to conduct their Rule 26(f) meeting the afternoon of August 9, 2012. The parties will formulate a discovery plan at their meeting deciding/considering: whether a global discovery agreement should be used in both cases; an e-discovery protocol; any litigation hold; the delayed schedule for discovery; and what will trigger the parties undertaking discovery – *i.e.* a ruling on the motion to transfer, etc.

The Court, however, will relieve the parties from the initial disclosures that are normally triggered by the Rule 26(f) meeting; thus, the Court will relieve the parties of their obligations under Section 3(c) of the Scheduling Order. The parties will not be required to make their initial disclosures of engage in substantive discovery unless agreed to or ordered by the Court.

The Defendant's Motion for Order Amending Section 3(a) of the Scheduling Order **[Doc. 26]** is **GRANTED IN PART** and **DENIED IN PART**, to the extent stated above. All other dates and deadlines contained in the Scheduling Order remain unchanged.

**IT IS SO ORDERED.**

                                              ENTER:

                                              s/ C. Clifford Shirley, Jr.
                                              United States Magistrate Judge